Ormand N. Gale, J.
This is a motion to dismiss two indictments on the ground that the evidence presented to the Grand Jury was insufficient as a matter of law to sustain the same.
Indictment No. 64-101 charges the defendant with sodomy in the second degree, two counts of assault in the second degree, carnal abuse of a child, and impairing the morals of a child. Indictment No. 64r-102 accuses the defendant of committing the following crimes with respect to a different victim — carnal abuse of a child, impairing the morals of a child and assault in the second degree.
The only witnesses to testify before the Grand Jury with respect to the crimes charged were two children, both eight years of age, and the father of one of the girls. The father’s testimony was solely to establish the fact that the defendant was over 21 years of age. There was absolutely no corroborating evidence, either direct or circumstantial, with regard to the crimes charged.
The District Attorney raises the following question: ‘ ‘ May a Grand Jury return an indictment on the uncorroborated testimony of a child under twelve years of age where that body has properly determined that the child possesses testimonial capacity?” Under point “One” of his brief the District Attorney quite correctly states that the Grand Jury is an independent tribunal with the power to determine the qualifications of witnesses to testify before that body. And it is within their province to determine whether or not the child should be sworn. However, the rule governing the sufficiency of the evidence presented to the Grand Jury must also be considered in the light of the following language by our Court of Appeals *126 in People v. Peetz (7 N Y 2d 147, 149): “The degree of evidence sufficient to warrant the return of an indictment by a Grand Jury is defined in the statute as the condition ‘ when all the evidence before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury. (Code Grim. Pro., § 251.) ”
As defense counsel has pointed out in his memorandum: “ The test is whether a trial court would dismiss indictments if the evidence as produced before the Grand Jury was legally insufficient to warrant a conviction by a trial jury.”
Granted, therefore, that point “ One ” of the District Attorney’s memorandum is correct, the question is still whether or not the trial court would feel the evidence in this case sufficient to warrant a conviction.
We agree with Judge Fijld’s concurring opinion in People v. Porcaro (6 N Y 2d 248, 252) where he states: “I would place my decision upon the ground that, as a matter of law, no conviction for impairing the morals of a child may validly rest on the uncorroborated testimony of the child victim. Indeed, I have long believed that such was the law. (See, e.g., People v. Meyers, 309 N. Y. 387; People v. Rosen, 293 N. Y. 683; People v. Derner, 288 N. Y. 599; People v. Slaughter, 278 N. Y. 479; People v. Churgin, 261 N. Y. 661.)
Furthermore we are not overly impressed with the fact that both of these witnesses, aged eight, were sworn. We think the language of Judge Van Voorhis, in People v. Oyola (6 N Y 2d 259, 264), is in point: “Whether a child eight years old is sworn as in People v. Rosen [293 N. Y. 683] or a child of nine years has an unsworn statement taken as in People v. Dutton [305 N. Y. 632] is largely fortuitous. Causing the criminal liability of a defendant to depend entirely upon this collateral and largely accidental circumstance would have almost as little to do with deliberative justice as trial by ordeal where, under a practice now happily extinct, the guilt or innocence of a defendant was determined by whether his hand was burned when he thrust it into boiling water or fire.” The following language from People v. Porcaro (supra, p. 254) is likewise significant: “ ‘ [T]here is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity *127 and intelligence as his understanding of the obligations of an oath. * ’ ’
It should also be borne in mind that neither of these two children can corroborate the other. Consequently the proof under each indictment is going to consist solely of the testimony of an eight-year-old child. While the statute may technically permit the proof submitted before the Grand Jury, the court cannot be precluded ‘ ‘ from malting corollary provisions to safeguard the accused where judicial experience indicates the necessity.” (People v. Porcaro, supra, p. 252.)
‘ ‘ Where the witness has been sworn, it may not be necessary to have supporting evidence of every material fact essential to constitute the crime, but the courts are not automatons of the Legislature to such a degree as to make patchwork of the law by being obliged to require full corroboration in instances where the trial court has taken the unsworn statement of the witness, but at the same time being compelled to dispense with all objective verification where an oath has been administered.” (People v. Oyola, 6 N Y 2d 259, 263-264.)
There has been no indication to the court of any additional evidence to be used by the People at the trial. The assertion that a prima facie case has been made, although perhaps technically correct, would not, under the case law of the State of New York (People v. Meyers, 309 N. Y. 837), be sufficient to convict the defendant beyond a reasonable doubt. In view of the decisions of People v. Porcaro (supra); People v. Oyola (supra); People v. Meyers (supra) and People v. Rosen (supra), we reach the conclusion that the bare statement of an eight-year-old girl is insufficient as a matter of law to charge this defendant with the crimes set forth in the indictments.
For the reasons given, an order may be submitted dismissing both indictments.